UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH SILFIES,<br><br>                Petitioner,<br><br>    v.<br><br>THERESA OELBALSO, et al.,<br><br>                Respondent. | CIVIL ACTION NO. 1:14-CV-01026<br><br>          (KANE, J.)<br>          (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

On May 28, 2014, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, signed and dated by the Petitioner on May 20, 2014. (Doc. 1). At the time of the filing of this federal habeas petition, the Petitioner was incarcerated at SCI Retreat, which is located in Hunlock Creek, Pennsylvania.

On April 27, 2005, the Petitioner pled guilty to several burglary and theft-related offenses. The Petitioner was sentenced on June 8, 2005, to an aggregate term of two-and-a-half to six years of incarceration, followed by ten years of state-supervised special probation. *Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.). The Petitioner served his time in prison and completed parole, at which time the ten year probationary sentence for Case No. 4272 began to run. *Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.). The Petitioner committed technical violations of his probation in September 2011, and on October 18, 2011, following a *Gagnon II* hearing, the Petitioner was found to have violated the conditions of his probation, the probation was revoked, and the Petitioner was re-sentenced to ten years of state-supervised special probation. *Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.).

On or around December 12, 2011, the Petitioner was arrested and charged with Driving Under the Influence ("DUI"), which constituted a violation of his special probation. The Petitioner was convicted of the DUI offense on February 15, 2012. On February 28, 2012, a *Gagnon II* hearing was held and a five-to-ten year sentence was recommended. The trial court postponed sentencing until April 3, 2012, in order to look into the Petitioner's eligibility for a County Intermediate Punishment drug offender program for purposes of obtaining treatment. *See Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.), Trial Court Opinion (May 31, 2013, at 1-5).

On April 3, 2012, the Petitioner was resentenced to ten years of probation with the first 22 months to be served in the Lehigh County Treatment Continuum Alternative Program (TCAP). On June 6, 2012, the Petitioner absconded from the TCAP program's treatment house, and a warrant was issued for his arrest. The Petitioner was arrested and a *Gagnon II* hearing was held on July 17, 2012. The Petitioner argued that he was ineligible for TCAP, and thus the April 3, 2012, sentence was illegal. As a result, the trial court vacated the April 3, 2012, sentence and resentenced the Petitioner to five to ten years in a State Correctional Institution. This resentencing was not based on any violation incurred as a result of the Petitioner absconding from TCAP; rather, the five to ten year sentence was a resentencing based on the sustained violations arising from the DUI conviction. *See Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.), Trial Court Opinion (May 31, 2013, at 1-5).

In the Petitioner's petition for a writ of habeas corpus, he challenges the July 17, 2012, sentence in the Court of Common Pleas of Lehigh County. *Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.). On November 30, 2012, the Superior Court of Pennsylvania entered an Order quashing Petitioner's appeal as untimely because the Notice

2

of Appeal was filed more than thirty days after the date he received his sentence. *Commonwealth v. Silfies*, Docket No. 2689 EDA 2012 (Pa. Super. Ct.). The Petitioner filed a PCRA motion in the trial court on December 27, 2012, which was dismissed by that court on February 26, 2013. *Commonwealth v. Silfies*, Docket No. CP-39-CR-0004272-2004 (Lehigh County C.C.P.). The Petitioner filed a Notice of Appeal on March 7, 2013, and the trial court's decision was affirmed by the Superior Court of Pennsylvania on February 7, 2014. *Commonwealth v. Silfies*, Docket No. 746 EDA 2013 (Pa. Super. Ct.).

Jurisdiction over a state prisoner's federal habeas petition is proper in one of two federal district courts: (1) the district court for the federal judicial district where the prisoner is in custody; or (2) the district court for the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d). However, § 2241(d) further provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the district court for the federal judicial district where the state court of conviction is located. 28 U.S.C. § 2241(d).

In this case, the Petitioner challenges the sentence of his conviction in Lehigh County, located within the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). All records of conviction and sentencing, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania. Therefore, it is in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania. *See* 28 U.S.C. § 2241(d); *Jones v. Wetzel*, No. 4:13-CV-1718, 2013 WL 3381435, at *2 (M.D. Pa. July 8, 2013). Moreover, it is customary among the district courts for Pennsylvania's three federal judicial districts to transfer petitions of this type to the district of conviction for substantive habeas proceedings. *See Jones*, 2013 WL 3381435, at *2. It is also consistent with Third Circuit

guidance that "ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing [is] in furtherance of the convenience of the parties and witnesses." *In re Nwandze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001); *Jones*, 2013 WL 3381435, at *2 (quoting *Nwandze*).

Based on the foregoing, it is recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania for further proceedings pursuant to 28 U.S.C. § 2241(d).[1]

**Dated: August 28, 2014**          *s/ Karoline Mehalchick*
                                    **KAROLINE MEHALCHICK**
                                    **United States Magistrate Judge**

---

[1] The Court notes that there are currently several pending motions in this case and it is recommended that these pending motions be transferred with the instant action: Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2); Petitioner's motion to appoint counsel (Doc. 3); Petitioner's motion for bail (Doc. 4); Petitioner's motion to expedite (Doc. 5); Petitioner's motion to amend petition (Doc. 9); and Petitioner's priority motion for relief (Doc. 11).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH SILFIES,<br><br>                 Petitioner,<br><br>v.<br><br>THERESA OELBALSO, et al.,<br><br>                 Respondent. | CIVIL ACTION NO. 1:14-CV-01026<br><br>(KANE, J.)<br>(MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 28, 2014**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: **August 28, 2014**                                              *s/ Karoline Mehalchick*
                                                                        **KAROLINE MEHALCHICK**
                                                                        **United States Magistrate Judge**