IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH SILFIES | : | |
|     Petitioner | : | No. 1:14-cv-01026 |
| | : | |
| vs. | : | (Judge Kane) |
| | : | |
| THERESA OELBALSO, et al., | : | (Magistrate Judge Mehalchick) |
|     Respondent | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On April 27, 2005, Petitioner pled guilty in the Court of Common Pleas of Lehigh County, Pennsylvania to state-law burglary charges and was sentenced to between two and five years of incarceration, followed by ten years of state-supervised probation. (Doc. No. 13 at 1.) Petitioner served his prison sentence, but two years into his probation, Petitioner w as arrested for driving under the influence, and his probation was consequently revoked. (Id.; Doc. No. 21 at 5-7.) He was then sentenced to 22 months in a substance abuse treatment facility and more probation in April 2012, but after absconding from the treatment facility and a subsequent hearing, Judge Reichley vacated the previous sentence and imposed a new five-to-ten year state prison sentence on July 17, 2012. (Doc. No. 21 at 5-11.) While Petitioner is incarcerated at a state prison in this district, all other relevant events and proceedings occurred in the Eastern District of Pennsylvania. (Doc. No. 13 at 3.)

Petitioner is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. (Doc. No. 20 at 2, 5.) Petitioner has filed several motions with the Court, including a habeas petition, a motion for leave to file in forma pauperis, a motion to appoint counsel, a motion for bail, a motion to expedite, a motion to amend his habeas petition, a motion

for priority relief, and a motion under Federal Rule of Civil Procedure 60. (Doc. Nos. 1, 2, 3, 4, 5, 9, 11, 15, 17.) However, Magistrate Judge Mehalchick issued a Report and Recommendation on August 28, 2014, recommending that this action (and all motions pending in it) be transferred to the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 13.) Petitioner has filed objections to Magistrate Judge Mehalchick's Report and Recommendation. (Doc. Nos. 20, 21.)

Magistrate Judge Mehalchick recommends that the Court transfer Petitioner's action to the United States District Court for the Eastern District of Pennsylvania, because "All records of conviction and sentencing, transcripts or proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania." (Doc. No. 13 at 3.) Accordingly, Magistrate Mehalchick finds that the interests of justice would be best served by transferring this action pursuant to 28 U.S.C. § 1404(a). (Id.) Petitioner's objections merely mention transfer, but the objections speak exclusively to Petitioner's underlying claims: he requests release on his own recognizance, the appointment of counsel, and discharge from prison. (Doc. No. 20 at 2.) Petitioner's contentions in all of his filings, from the original petition to his most recent letter to the Court, challenge the validity of his conviction and his sentence rather than the conditions of his confinement. (See Doc. Nos. 1, 19, 20, 21.)

Section 1404(a) governs the transfer of civil actions between federal district courts. See 28 U.S.C. § 1404(a). Such a transfer is appropriate "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any district where the action may have properly been initiated. Id. Habeas corpus proceedings are civil actions that are subject to transfer according to Section 1404. In re Nwanze, 242 F.3d 521, 526 n.2 (3d Cir. 2001). Habeas

proceedings may be initiated in either the district of confinement or in the district of conviction, though the United States Court of Appeals for the Third Circuit has recognized that the district of conviction will often be the better forum for considering the merits of a petition.  See 28 U.S.C. § 2241(d); Nwanze, 242 F.3d at 523.  District courts have applied this principle even where the petitioner is incarcerated pursuant to the judgment of a state court, and the petition arises under 28 U.S.C. § 2254.  See Jones v. Wetzel, No. 13-1718, 2013 WL 3381435, at *2 (M.D. Pa. July 8, 2013) (collecting cases).

The Court finds that there is no reason to deviate from that norm in this case.  Petitioner challenges a state court conviction from the Court of Common Pleas of Lehigh County located within the Eastern District of Pennsylvania.  28 U.S.C. § 118(a).  The only ties reflected in Petitioner's filings to the Middle District of Pennsylvania are the prisons where Petitioner has resided.  In objection, Petitioner advances arguments addressed to his sentence and conviction, but he does not advance any reason why this district would be a better venue for evaluation of the substance of his motion than the United States District Court for the Eastern District of Pennsylvania.[1]  (See Doc. Nos. 20-21.)  The Court therefore finds that the interests of justice are best served by transferring this action pursuant to 28 U.S.C. § 1404.

**ACCORDINGLY**, on this 19th day of December 2014, **IT IS HEREBY ORDERED THAT** Magistrate Judge Mehalchick's Report and Recommendation (Doc. No. 13) is **ADOPTED**, and the Clerk of Court is directed to transfer this action to the United States District

---

[1] Petitioner also requests that the Court release him on his own recognizance pursuant to Federal Rule of Appellate Procedure 23 pending transfer of this matter.  (Doc. No. 20 at 2.)  The Court has not rendered a judgment on Petitioner's underlying request for habeas relief, so rules governing release pending appeal cannot operate in his favor.

Court for the Eastern District of Pennsylvania and to close the case.

/s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
